**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
CASE NO.:**

HARRY WRIGHT AND LISA
WRIGHT

      Plaintiff,

vs.

WRIGHT NATIONAL FLOOD INSURANCE COMPANY

      Defendant.

_____/

## COMPLAINT

Plaintiffs, Harry Wright and Lisa Wright, by and through the undersigned counsel, and pursuant to the Standard Flood Insurance Policy ("SFIP"), 44 C.F.R. pt. 61, app. A(1),[1] and applicable authorities, files this Action against the Defendant, here Wright National Flood Insurance Company, alleging a breach of the SFIP in the United States District Court of the district in which the insured property was located at the time of the loss. Therefore, the Plaintiffs file this breach of contract action against the Defendant, Wright National Flood Insurance Company, for flood damages and in support thereof alleges as follows:

## THE BASICS

1.    This is an action for damages which exceeds $ 224,377 resulting from a Flood loss at the subject property, exclusive of costs, and interest.

2.    At all times material hereto, Plaintiff was and is a resident of Marco Island, Florida and is otherwise *sui juris*.

---

[1]   The terms and conditions of the SFIP Dwelling Form may be found at: https://www.fema.gov/sites/default/files/documents/fema_F-122-Dwelling-SFIP_2021.pdf

3.      Plaintiffs' home and residence is located at 380 PERIWINKLE CT MARCO ISLAND, FL 34145-1862 (the "subject property").

4.      Plaintiffs' home is covered by the federal subsidized flood insurance policy offered by the Defendant, an entity named WRIGHT NATIONAL FLOOD INSURANCE COMPANY (the "Defendant").

5.      Defendant, WRIGHT NATIONAL FLOOD INSURANCE COMPANY, was and is a Florida corporation, by and through its officers, representatives and agents, who conducted business operations in the County of COLLIER, State of Florida for the purposes of selling homeowner insurance policies and specifically the flood insurance policy covering the subject property.

6.      Defendant is the issuer, insurer and maintainer of the flood insurance covering the subject property vis-à-vis the flood insurance policy (the "Policy" or "Contract") which again is and was in full force and effect at the time the date of loss described below, by virtue of Plaintiff's consistent payments of premiums for the insurance referenced above and available for review at https://www.fema.gov/sites/default/files/documents/fema_F-122-Dwelling-SFIP_2021.pdf.

7.      This policy and all disputes arising from the insurer's policy issuance, policy administration, or the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA.

8.      Pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, et seq.), and Federal common law. *See Shuford v. Fidelity Nat. Prop & Cas. Ins. Co.*, 508 F.3d 1337, 1343-44 (11th Cir. 2007) ("Federal regulations have same preemptive effect as federal statutes").

**THE DAMAGE & POLICY**

9.      On or about September 28, 2022, Hurricane Ian caused substantial flood damage (the "loss") to the Plaintiffs' property which was covered under the Policy issued by the Defendant which was at the time of the loss in full force and effect.

10.     Plaintiffs timely filed a notice of the loss including the sworn proof of loss, and has otherwise performed all conditions precedent to recover under the Policy and under the applicable and controlling statutes.

11.     In addition, Plaintiffs and/or Plaintiffs' representatives forwarded an estimate of the loss which occurred as a result of Hurricane Ian to Defendant.  A true and correct copy of the estimate sent to Defendant is attached hereto and incorporated herein as Exhibit "A".

12.     Although Defendant received, processed, and opened coverage for the Plaintiff's Claim, Defendant has refused and continues to refuse to pay the *full amount* of Plaintiff's claim.

13.     As such, Plaintiffs are seeking to recover $224,377 in damages as a result of the flood loss dated 9/28/2023.

14.     Despite being fully apprised of the facts above, Defendant has failed to timely pay the full amount of Policy benefits owed to the Plaintiffs under the terms of the Policy.

15.     The Plaintiffs, as a result of Defendant's failure to comply with the terms of the policy has suffered damages to the premises.

16.     Plaintiffs have performed all conditions precedent to filing this action and/or any and all conditions precedent have been otherwise met or waived.

17.     Plaintiffs have complied with all post loss obligations set forth in the insurance policy as requested by Defendant.

18.     Plaintiffs, as a result of Defendant's refusal to honor the contractual obligations contained in the Policy, has been forced to retain the legal services of MAC Legal, P.A. for the purposes of prosecuting the instant matter.

**COUNT I**
**BREACH OF CONTRACT**

19.     In furtherance of the aforesaid allegations found in Plaintiffs' Complaint's Paragraphs 1-18 above incorporated herein, Plaintiffs notes that Defendant's refusal to pay the full amount of the claim was contrary to the terms of the Policy and/or Florida law, and was a breach of said contract of insurance, i.e. the Policy, issued by Defendant for the subject property.

20.     As a direct and proximate cause of the Defendant's acts and/or omissions, Plaintiffs have been damaged in the amount of $224,377.00 in damages under the subject flood policy.

21.     That as a direct and proximate cause of the Defendant's refusal to pay the full amount of the Plaintiffs' claim, the Plaintiffs have been required to retain the legal services of MAC Legal, P.A. for the purposes of prosecuting the instant matter.

        WHEREFORE, the Plaintiffs demand judgment against the Defendant, WRIGHT NATIONAL FLOOD INSURANCE COMPANY for damages, including, but not limited to, damage to the Premises, its contents, loss of use, costs, interest as allowed by law, a trial by jury of all issues triable as a matter of right by jury and any such other relief as this Court deems just and proper.

        DATED:  December 28, 2023.


                                        Respectfully submitted,

                                        By:  /s/ Michael A. Citron
                                             Michael A. Citron, Esq.
                                             Florida Bar No.: 105083
                                             **MAC Legal, P.A.**
                                             *Counsel for Plaintiff*
                                             4601 Sheridan Street, Ste. 205
                                             Hollywood, Florida 33021
                                             (954) 395-2954 - Telephone
                                             michael@maclegalpa.com - E-Mail
                                             service@maclegalpa.com - E-Service

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on December 28, 2023 with the Clerk of Court using CM/ECF. I also certify that the foregoing document shall be duly served upon the Defendant in the appropriate manner designated by law.

**MAC Legal, P.A.**
*Attorneys for Plaintiff*
4601 Sheridan Street, Ste. 205
Hollywood, FL 33021
Telephone: (954) 395-2954

 */s/Michael A. Citron*
Michael A. Citron, Esq.
Florida Bar No. 105083
Michael@MACLegalPA.com
Service@MACLegalPA.com